IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

WORTH MALCOLM BRIGGS, IV,                          Case No. 3:25-cv-01825-SB

                  Petitioner,                                      **ORDER**

          v.

NICOLE MORRISEY O'DONNELL *et al.*,

                  Respondents.

**NELSON, District Judge.**

Petitioner Worth Malcolm Briggs, IV ("Briggs"), an adult in custody ("AIC") at the

Multnomah County Detention Center ("MCDC"), filed this habeas corpus action pursuant to 28

U.S.C. § 2241 alleging, among other things, that he is in custody in violation of his right to due

process. (*See* Am. Pet. at 24-32, ECF No. 16.) Before the Court is the State of Oregon's (the

"State") motion to dismiss for lack of jurisdiction (ECF No. 27). For the following reasons, the

Court grants the motion and dismisses the State from this action.

An AIC seeking federal habeas relief must direct his habeas petition to his custodian—

the person "having immediate custody of the party detained, with the power to produce the body

of such party before the court or judge[.]" *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004)

PAGE 1 – ORDER

(simplified); *see also* 28 U.S.C. § 2242 (instructing that a habeas petitioner must name as respondent "the person who has custody over [him]"). Because the federal habeas statute contemplates "only one proper respondent to a given [AIC]'s habeas petition[,] . . . the default rule is that the proper respondent is the warden of the facility where the [petitioner] is being held." *Rasmussen v. Garrett*, 489 F. Supp. 3d 1131, 1152 (D. Or. 2020) (simplified); *see also Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992) (per curiam) (explaining that the proper respondent generally is "the person having day-to-day control over the [AIC] . . . the only one who can produce the body of the petitioner") (simplified). The failure to name the proper respondent "deprives federal courts of personal jurisdiction." *Belgarde v. Montana*, 123 F.3d 1210, 1212 (9th Cir. 1997) (simplified).

Briggs presently is a pretrial detainee at MCDC, which is administered by the Multnomah County Sheriff, Nicole Morrisey O'Donnell ("O'Donnell"). (Am. Pet. at 4.) Although Briggs acknowledges that O'Donnell is his immediate custodian and "has the power to bring [him] before the Court so that the writ can be issued[,]" Briggs also names the State as a respondent to this action. (*Id.*) The State, however, does not have "day-to-day" control of Briggs, and Briggs does not explain why the State is a proper respondent to this action.[1] *See Padilla*, 542 U.S. at 435. The Court therefore finds no reason to deviate from the default rule and concludes that the Court lacks jurisdiction over the State in this proceeding. *See Stewart v. Oregon*, No. 3:21-cv-00782-HZ, 2021 WL 3024308, at *1 (D. Or. June 18, 2021) (explaining that "[t]he State is not the proper Respondent because it is not Petitioner's immediate custodian"); *see also Rasmussen*, 489 F. Supp. 3d at 1152 (concluding that the petitioners "properly have directed their habeas petitions to Respondent who, as the Sheriff of Washington County, administers the Washington

---

[1] Briggs did not file a response to the State's motion to dismiss.

PAGE 2 – ORDER

County Jail and serves as [the] [p]etitioners' immediate custodian" and declining to join the State as a necessary party).

## CONCLUSION

For these reasons, the Court GRANTS the State's Motion to Dismiss (ECF No. 27) and DISMISSES the State from this action.

**IT IS SO ORDERED.**

DATED this __26__ day of May, 2026.

Adrienne Nelson
United States District Judge

PAGE 3 – ORDER